HenbeksoN, Chief-Justice.
 

 The-case comes on upon, exceptions to.the report.. The first exception consists of two parts: first, that, the clerk had not power to try the title to the slave; and secondly, if he had, that he had improperly charged the defendant
 
 Blackwell
 
 with, his-value, as-part oftestator’s estate.
 

 There certainly can be no force in the • first objection. It is in substance saying that the court, for whom, the clerk acts, has no right to try, the question. What lie does has no force, until ratified, directly or indirectly,, when it becomes the act of the court, in which, his urgency is entirely lost. What, he did only facilitated, our labours, as. we might have done the act without his aid.
 

 As to the latter part of the exception, that the slave belonged to the defendant,
 
 Blackwell,,
 
 and not to his testator, we concur in the opinion of the clerk, notwithstanding. the evidence proves a bill, of sale from the testator to the defendant, as it at- the same time provea a very foul fraud practised by the latter on the former,, by using the bill of sale for a purpose contrary to the intent with which it was given. This exception.is therefore overruled.
 

 The second exception must share the same fate, for it.is satisfactorily proven, that the small articles charged to the defendant, belonged to the testator, and not. to the defendant.
 

 We are somewhat at a loss to understand whether it is meant by the third exception, that commissions were not allowed on the additional articles wherewith the defendants are
 
 now
 
 charged by the clerk, or that they, had not been allowed on their former settlement. If the former be meant, there are two objections. The first is, pay
 
 *4
 
 ment to a legatee, or distributee, is not a disbursement within the meaning of the act of Assembly giving them, and receiving a debt from himself is not a collection, upon which they are allowed to an executor. But there is a second ground of objection, which must prove fatal to the defendant,
 
 Blackwell.
 
 Commissions are allowed on fair transactions, and to honest and faithful agents. I speak now exclusively of the defendant,
 
 Blackwell,
 
 who was willing, from his own answer, to join with (and the pro-babiiity is, to advise) his poor, old, superannuated fa-yie{,_ ^ c]1(ia£
 
 Simmons,
 
 by antedating his bill of sale, and now fraudulently uses it against the old man. If he means, that commissions were not allowed on his former settlement, this is not a proper time to bring forward the claim. The presumption is, that they have been allowed, or the claim brought forward and rejected. But it appears, -that heretofore, when a settlement of his accounts was made, by commissioners under an order of the County Court, -the sum of thirty five dollars was allowed the executors for the payment of debts, and as compensation for services rendered before the division. And it is now eight or ten years since they ought to have settled their accounts. This exception is therefore overruled.
 

 Executors are not entitled to commissions on debts due from themselves to uponeSpayments to legatees.
 

 they allowed a dishonest executor. Neithei aie
 

 Strictly speaking, we ought perhaps also to disallow the fourth exception, in favor of Byars, the other executor, in regard to the female slave. But as he says he never acted on the estate, and as this bill is
 
 in its
 
 frame rather a bill to surcharge and falsify, and all the specific charges are against the other defendant, and nothing is alleged as to the administration of
 
 Byars,
 
 except by general words, he might suppose tha1 he was joined only for conformity, and may have been surprized by that charge. We will therefore refer the case again to the clerk on that point. The report is therefore confirmed, except as to the charge of g 300, against the defendant
 
 Byars,
 
 as to which it is again referred to the clerk, with power to examine the parties on oath, and to hear such proof as they ¡may offer and report to this court.
 

 
 *5
 
 Decree: It appears from the report, that there is in the hands of the defendant
 
 Blackwell,
 
 exclusive of such interest as may be due thereon, the sum of five hundred and forty eight dollars, principal, decree, that he pay the same with interest thereon, to be computed by the clerk of this court, at the rate of six per cent
 
 per an-num,
 
 from the time of the death of the testator, taking the time of his death, from the admission in the defendant’s answer. And that in default of such payment that execution issue therefor. Let the defendant
 
 Blackwell
 
 pay all the costs of this suit, except the costs of the defendant
 
 Byars,
 
 which are reserved for further order.